[No. 62500-0.   En Banc.   February 8, 1996.]

THE STATE OF WASHINGTON, *Respondent*, v. TYRONE F. THOMAS, *Petitioner*.

*James L. Reese III*, for petitioner.

*Russell D. Hauge, Prosecuting Attorney*, and *Pamela B. Loginsky, Deputy*, for respondent.

PEKELIS, J.* — Tyrone Thomas (Thomas) seeks review of an unpublished decision of the Court of Appeals affirming his conviction for possession of stolen property. Thomas claims that the trial court erred by not advising him of his constitutional right to testify in his own behalf. We affirm.

---

*Justice Rosselle Pekelis is serving as a justice pro tempore of the Supreme Court pursuant to Const. art. IV, § 2(a) (amend. 38).

Thomas was charged with and tried for first degree possession of stolen property. Thomas was present throughout the one-day trial proceeding. At the start of the trial, defense counsel Tim Kelly (Kelly) proposed a pattern jury instruction directing the jury not to draw any adverse inferences from the fact that the defendant had not testified. Outside the presence of the jury, the court noted defense counsel's proposed instructions and said to Kelly, "I take it from the instructions that you proposed that you do not anticipate that Mr. Thomas will testify." Report of Proceedings (July 1, 1992) at 2.

Kelly replied, "Haven't decided yet, but at this time I would say no." Report of Proceedings (July 1, 1992) at 2. The defense ultimately called only one witness, then rested without calling the defendant to testify. The jury found Thomas guilty of first degree possession of stolen property.

On August 26, 1992, Kelly filed a notice of withdrawal as Thomas's attorney of record. The attached affidavit alleged that after the August 21 sentencing hearing, Thomas informed Kelly in front of numerous witnesses that he would be filing a lawsuit against him. On September 11, Thomas submitted a motion for arrest of judgment and a new trial. With this motion, he included an unattested statement that "[o]n July 1, 1992 after consultation with Tim Keller [sic] during trial, I was denied the ability to testify pursuant to RPC rule 1.2(A)."[1] Clerk's Papers at 63. Thomas's motion to extend the time limit for filing his motion was denied in accordance with CrR 7.4 and 7.6 because judgment had already been entered. The court did not consider the merits of Thomas's claim.

Thomas then appealed to the Court of Appeals, again asserting the denial of his right to testify but now alleging that the trial court had erred by not advising him of this

---

[1]Rule of Professional Conduct (RPC) 1.2(a) provides, in part, that "[i]n a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify."

right. Appellant Br. at 1. After the appeal was filed, Kelly filed an affidavit at the request of the Office of the Prosecuting Attorney for Kitsap County to describe discussions that he had with Thomas regarding whether Thomas would testify at trial. Kelly stated in his affidavit that the two had discussed the issue on two occasions before the trial, and he had explained the potential drawbacks and benefits to testifying. Kelly also said:

> I explained to Mr. Thomas that, eventually, *the decision would be his*, but that he need not make that decision until the State had rested at trial.
>
> During the trial, the State offered all of Mr. Thomas' statements (including exculpatory portions) through Officer Van Santford of the Bremerton Police Department. After hearing all of the State's evidence, *I asked Mr. Thomas whether he wished to testify or not. He responded that he did not want to testify*. The defense rested.
>
> At no time did it appear to me that Mr. Thomas did not understand his right to testify, nor did he not understand the potential benefits and drawbacks. The decision not to testify was his and it was made intelligently.

Clerk's Papers at 101 (emphasis added).

The Court of Appeals, Division II, concluded that there was no violation of Thomas's constitutional right to testify and affirmed his conviction in an unpublished opinion. *State v. Thomas*, No. 16458-2-II (Wn. App. Dec. 7, 1994).

## I

### RIGHT TO TESTIFY UNDER UNITED STATES CONSTITUTION

Thomas first contends that the trial court committed reversible error by failing to advise him of his right to testify in his own behalf, as guaranteed by the United States Constitution. The United States Supreme Court has held that a criminal defendant has a constitutional right to testify in his or her own behalf. *Rock v. Arkansas*, 483 U.S. 44, 49, 107 S. Ct. 2704, 97 L. Ed. 2d 37 (1987). The

right to testify has its source in the Fourteenth Amendment's due process clause, in the compulsory process clause of the Sixth Amendment, and as a necessary corollary to the Fifth Amendment's privilege against self-incrimination. *Id.* at 51-52. The Court has not, however, addressed the question of what constitutes a valid waiver of this right and what duty, if any, a trial court has to ensure that a defendant validly waives the right.

We recently considered the question of whether an evidentiary hearing was required after trial to determine if a defendant had voluntarily waived the right to testify. *In re Lord*, 123 Wn.2d 296, 316, 868 P.2d 835, *cert. denied*, 115 S. Ct. 146 (1994). We held that "[a]n evidentiary hearing would be required only if the defendant 'alleges . . . that his attorney *actually prevented* him from testifying in his own behalf.' " *Id.* at 317 (emphasis added) (citing *State v. King*, 24 Wn. App. 495, 499, 601 P.2d 982 (1979)). Because the defendant in that case merely alleged that his attorneys told him that testifying was "the wrong thing" for him to do, his argument did not meet this standard. *Id.* at 317. The personal restraint petition was based on the defendant's claim that the trial court's lack of an adequate colloquy failed to ensure that his waiver of the right to testify was knowing and voluntary. Although we suggested potential negative consequences that could result from a colloquy between the trial court and defendant regarding whether the defendant would testify,[2] we did not need to directly address the question of whether the trial court has a duty to inform a defendant of his constitutional right to testify in his own behalf. We now expressly hold that a trial judge is not required to advise a defendant of the right to testify in order for a waiver of the right to be valid.

---

[2]We cautioned that a court's discussion of the choice with the defendant could intrude into the attorney-client relationship protected by the Sixth Amendment and might also influence the defendant to waive his Fifth Amendment right *not* to testify. *Lord*, 123 Wn.2d at 317. We also said that it is the responsibility of counsel, not the trial court, to advise the defendant whether or not to testify. *Id.* at 317.

The right to testify in one's own behalf has been characterized as a personal right of "fundamental" dimensions. *E.g., Rock,* 483 U.S. at 52 ("Even more fundamental to a personal defense than the right to self-representation . . . is an accused's right to present his own version of events in his own words."); *United States v. Joelson,* 7 F.3d 174, 177 (9th Cir.), *cert. denied,* 114 S. Ct. 620 (1993); *Ortega v. O'Leary,* 843 F.2d 258, 261 (7th Cir.), *cert. denied,* 488 U.S. 841 (1988); *United States v. Bernloehr,* 833 F.2d 749, 751 (8th Cir. 1987). The defendant, not trial counsel, has the authority to decide whether or not to testify. *E.g., Jones v. Barnes,* 463 U.S. 745, 751 n.6, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1983); *Joelson,* 7 F.3d at 177; *State v. King,* 24 Wn. App. 495, 499, 601 P.2d 982 (1979); RPC 1.2(a). In *Johnson v. Zerbst,* the Supreme Court set forth the standard for a valid waiver of fundamental constitutional rights. *Johnson v. Zerbst,* 304 U.S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461, 146 A.L.R. 357 (1938). In order to be effective, the waiver of a fundamental constitutional right must be "an intentional relinquishment or abandonment of a known right or privilege." *Id.* In general, the waiver of a fundamental constitutional right must be made knowingly, voluntarily, and intelligently.

Thomas claims that in order to ensure that a waiver meets this standard, the trial court must inform a defendant of the constitutional right to testify in one's own behalf. First, we note that all of the federal circuit courts that have addressed the question of whether a trial judge must inform a defendant of the right to testify have concluded that the trial court has no such duty. *United States v. Pennycooke,* 65 F.3d 9, 11 (3d Cir. 1995); *Joelson,* 7 F.3d at 177; *United States v. Teague,* 953 F.2d 1525, 1532 n.8 (11th Cir.), *cert. denied,* 506 U.S. 842 (1992); *United States v. Martinez,* 883 F.2d 750, 760 (9th Cir. 1989), *vacated on other grounds,* 928 F.2d 1470 (9th Cir.), *cert. denied,* 501 U.S. 1249 (1991); *Ortega,* 843 F.2d at 261; *Siciliano v. Vose,* 834 F.2d 29, 30-31 (1st Cir. 1987); *Bernloehr,* 833 F.2d at 751-52; *United States v. Janoe,* 720 F.2d 1156, 1161 (10th Cir. 1983), *cert. denied,* 465 U.S. 1036 (1984).

Furthermore, the great majority of state courts to have reached this issue have likewise determined that the United States Constitution imposes no obligation on trial judges to inform defendants of this right. *E.g., State v. Savage,* 120 N.J. 594, 577 A.2d 455, 472 (1990); *Aragon v. State,* 114 Idaho 758, 760 P.2d 1174, 1179 (1988); *State v. Allie,* 147 Ariz. 320, 710 P.2d 430, 437-38 (1985); *Commonwealth v. Freeman,* 29 Mass. App. Ct. 635, 564 N.E.2d 11, 14 (1990).[3] We concur that the Constitution imposes no such obligation on a trial court.

■ We recognize that the waiver of the right to testify must be knowing. *E.g., Martinez,* 883 F.2d at 756. It does not follow, however, that the trial court must obtain an on-the-record waiver of the right. We believe that the right to testify belongs in the category of rights for which no on-the-record waiver is required. In *Martinez,* the Ninth Circuit likened the right to testify to the right to remain silent, the right to represent oneself, and the right to confront witnesses. *Martinez,* 883 F.2d at 756-59. The right to remain silent is waived by the act of taking the stand; the trial court has no duty to inquire as to whether the defendant knowingly and intelligently waived the right. *Id.* at 756-57. Likewise, a court is not obligated to obtain an on-the-record waiver of the right to self-representation when a defendant appears with counsel. *Id.* at 757; *State v. Garcia,* 92 Wn.2d 647, 654, 600 P.2d 1010 (1979) (citing *Faretta v. California,* 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975)). As with the right to self-representation, the right not to testify, and the right to confront witnesses, the judge may assume a knowing waiver of the right from the defendant's conduct. The conduct of not taking the stand may be interpreted as a valid waiver of the right to testify.

---

[3] A few state courts have held that a trial judge is constitutionally required to inform the defendant of the right to testify in one's own behalf in order to ensure that any waiver is valid. *State v. Ray,* 310 S.C. 431, 427 S.E.2d 171, 174 (1993); *Sanchez v. State,* 841 P.2d 85, 89 (Wyo. 1992); *LaVigne v. State,* 812 P.2d 217, 221 (Alaska 1991); *People v. Curtis,* 681 P.2d 504, 514 (Colo. 1984); *Culberson v. State,* 412 So. 2d 1184, 1186 (Miss. 1982).

In addition, a discussion between the trial court and defendant regarding the right to testify might have the undesirable effect of influencing the defendant's decision not to testify. *See Lord*, 123 Wn.2d at 317 (citing *United States v. Goodwin*, 770 F.2d 631, 637 (7th Cir. 1985), *cert. denied*, 474 U.S. 1084 (1986)). The First Circuit similarly cautioned that the trial court "could inappropriately influence the defendant to waive his constitutional right *not* to testify, thus threatening the exercise of this other, converse, constitutionally explicit, and more fragile right." *Siciliano*, 834 F.2d at 30.

Also, as we expressed in *Lord*, it seems ill-advised to have judges intrude into the attorney-client relationship or disrupt trial strategy with a poorly timed interjection. *Lord*, 123 Wn.2d at 317; *accord Bernloehr*, 833 F.2d at 752 n.3. The Ninth Circuit recognized that "it is hard to say when the judge should appropriately advise the defendant—the judge does not know the defendant is not testifying until the defense rests, not an opportune moment to conduct a colloquy." *Martinez*, 883 F.2d at 760. As a result, courts rely upon defense counsel to inform the defendant of his constitutional right to testify. *E.g.*, *Teague*, 953 F.2d at 1534. We agree with the Third Circuit's reasoning that:

> [t]he fact that a criminal defendant, depending on the facts and circumstances of the case, reasonably could choose either to testify or not to testify, necessarily means the determination of whether the defendant will testify is an important part of trial strategy best left to the defendant and counsel without the intrusion of the trial court, as that intrusion may have the unintended effect of swaying the defendant one way or the other.

*Pennycooke*, 65 F.3d at 11. For these reasons, we believe that the responsibility for informing the defendant of this right resides with defense counsel. In conclusion, a defendant is not deprived of his constitutional right to testify merely because the trial court does not expressly inform him of the existence of that right.

■ This appears to dispose of Thomas's appeal. Al-

though Thomas did claim in his posttrial motion that his attorney "prevented" him from testifying, the trial court denied this motion because it was untimely. Thomas has not challenged this ruling. Moreover, even if the motion were not untimely, we would reject his claim. After trial, a silent defendant may assert a claim that his attorney prevented him from testifying. *See Lord*, 123 Wn.2d at 317; *accord Underwood v. Clark*, 939 F.2d. 473, 476 (7th Cir. 1991); *contra United States v. McMeans*, 927 F.2d 162, 163 (4th Cir. 1991) (holding that the defendant "can not now approach the court and complain of the result of his decision"). The defendant must, however, produce more than a bare assertion that the right was violated; the defendant must present substantial, factual evidence in order to merit an evidentiary hearing or other action. *Accord Underwood*, 939 F.2d at 476 (rejecting a claim in which a defendant failed to produce more than "a bare, unsubstantiated, thoroughly self-serving, and none too plausible statement that his lawyer (in violation of professional standards) forbade him to take the stand"). Thomas merely asserted that his right was violated without providing any factual evidence to support the assertion. Thomas was present when the court questioned defense counsel about whether the defendant would testify. His trial counsel claims that he discussed the choice with Thomas and informed him that it was Thomas's decision.[4] There is no indication that he attempted to assert his right to testify or disagreed with his attorney. Thus, no evidentiary hearing was required in response to his claim.

## II
### RIGHT TO TESTIFY UNDER WASHINGTON CONSTITUTION

■ Petitioner also asks this court to interpret the

---

[4]In his briefing to this court and in oral argument, Thomas's counsel suggested that the Court of Appeals inappropriately relied upon the posttrial affidavit submitted by Thomas's trial attorney in determining that he had voluntarily waived his right to testify. *E.g.*, Pet'r Supplemental Br. at 3-4. Yet Thomas did not move to have the improper briefing stricken or corrected under RAP 10.7. In any event, Thomas himself failed to adequately support his allegation that he was prevented from testifying.

Washington Constitution as more protective of a defendant's right to testify than the Federal Constitution. Article I, section 22, of the Washington Constitution provides the criminal defendant with the following rights:

> the right to appear and defend in person, or by counsel, to demand the nature and cause of the accusation against him, to have a copy thereof, *to testify in his own behalf*, to meet the witnesses against him face to face, to have compulsory process to compel the attendance of witnesses in his own behalf, to have a speedy public trial by an impartial jury of the county in which the offense is charged to have been committed and the right to appeal in all cases.

Wash. Const. art. I, § 22 (amend. 10) (emphasis added). This court has established certain criteria that a court should consider in order to determine whether it is appropriate to construe a provision of the Washington Constitution independently from its federal counterpart. *State v. Gunwall*, 106 Wn.2d 54, 720 P.2d 808, 76 A.L.R.4th 517 (1986). Petitioner has laid out the six *Gunwall* factors but has added little to the description of the factors contained in the *Gunwall* opinion. Appellant Br. at 25-32. The Court of Appeals thus correctly concluded that Thomas failed to provide sufficient support for his bare assertion that the Washington Constitution should be interpreted as more protective of a defendant's right to testify than the Federal Constitution. *State v. Thomas*, No. 16458-2-II, slip op. at 7-8 (Wn. App. Dec. 7, 1994).

DURHAM, C.J., and DOLLIVER, SMITH, GUY, JOHNSON, MADSEN, ALEXANDER, and TALMADGE, JJ., concur.