OPINION OF THE COURT
Lawrence J. Tonetti, J.
THE ISSUES
1. Is a lawyer’s representation ineffective if he does not specifically inform his client that the ultimate right to decide whether to testify is defendant’s?
2. May a court infer from an attorney’s conduct of a case that a defendant has waived his right to testify or must there be some explicit expression of waiver by the defendant?
BACKGROUND
The defendant was convicted by jury trial of robbery in the first and second degrees in March of 1989. His conviction was affirmed by the appellate courts of this State, and a subsequently filed Federal writ of habeas corpus was dismissed for failure to exhaust State remedies. The defendant next brought a motion in this court, pursuant to CPL 440.10, seeking to have his conviction vacated, alleging ineffective assistance of counsel in that his attorney rested the defense case without allowing the defendant to testify. In June of 1994 this court denied defendant’s motion finding insufficient evidence that defendant’s right to testify was impeded. In essence, the court then determined that while the right to testify is a constitutional right of fundamental dimension (Rock v Arkansas, 483 US 44), and thus may be relinquished only by a knowing and intentional waiver made personally by the defendant (United States v Edwards, 897 F2d 445 [9th Cir 1990]; United States v Joelson, 7 F3d 174 [9th Cir 1993]), some affirmative action by the defendant is required to demonstrate that the defendant is in disagreement when his attorney acts in a manner that indicates the right is being waived (United States v Joelson, supra, at 177; United States v Edwards, supra, at 446; United States v Bernloehr, 833 F2d 749, 751 [8th Cir 1987]). It has never been this court’s policy to make any direct inquiry of the defendant to ascertain his personal position on the actions of his attorney.
Shortly after the court rendered its decision, the defendant filed a motion to reargue alleging that a newly decided Federal case (DeLuca v Lord, 858 F Supp 1330) should alter this court’s *341 judgment. The court initially advised the defendant that it was not inclined to relitigate the motion. However, when the Second Circuit affirmed the granting of the writ in DeLuca (see, DeLuca v Lord, 77 F3d 578 [2d Cir 1996]), this court determined that a fuller examination of defendant’s allegations was appropriate and ordered that a hearing be held.
THE FEDERAL DECISIONS
The DeLuca case (supra), ironically tried by this court three years before Roman, involved a former New York City police officer accused of killing a fireman. The defense in the case implied in cross-examination that the shooting had been in response to an attempted rape. However, no defense case was put forward. DeLuca argued successfully in the Federal courts that she had been denied effective assistance of counsel in that counsel had prevented her from taking the stand and asserting the defense of extreme emotional disturbance. While this court, in its original CPL 440.10 decision in Roman, had acknowledged the fundamental nature of the right to testify, the court determined that a waiver could be inferred from the actions of counsel unless the defendant in some manner made the court aware that he was in disagreement. Judge Ward, in his decision on DeLuca’s writ, seems to take this one step further and mandate a judicially enforced formal catechism between attorney and client (DeLuca v Lord, 858 F Supp 1330, 1360, supra): "Thus, this Court finds that defense counsel has the crucial responsibility of protecting his client’s fundamental right to testify and assuring that any waiver of that right is both knowing and voluntary. Consequently, if counsel has failed to inform the defendant that the ultimate right to decide whether or not to testify belongs to the defendant, and the preponderance of credible evidence indicates that the defendant was not independently aware of this right, then counsel has rendered ineffective assistance to his client.” Judge Ward went on to find that DeLuca had not knowingly waived her right to testify. His ruling concludes that her trial counsel was incompetent in that he had not sufficiently informed her that the ultimate decision to testify was hers, and he had failed to assert the extreme emotional disturbance defense. Judge Ward found that these actions met the standard enunciated by the Supreme Court to test competency of counsel in that but for these acts of incompetence there would have existed a reasonable probability that the result of the trial would have been different (see, Strickland v Washington, 466 US 668, 694).
*342 The Second Circuit’s affirmance is far less expansive. While Judge Ward’s opinion is affirmed, the ruling is limited to the incompetence attached to the failure to assert the extreme emotional disturbance defense (DeLuca v Lord, 77 F3d 578, 579, supra). The Circuit Court explicitly does not reach the issue of the failure to inform a defendant that the ultimate decision on whether to testify is the defendant’s (DeLuca v Lord, supra, at 590).
Finally, the defendant cites Campos v United States (930 F Supp 787) to support his position. In Campos, a posttrial hearing established that counsel had affirmatively refused to allow the defendant to testify. Counsel stated definitively that he did not allow the defendant to make the decision and did not tell the defendant he could overrule counsel. Significantly, even in these circumstances the District Court went on to apply a Strickland analysis.
THE HEARING
At the hearing, defendant’s trial counsel Mr. Michael Torres and defendant testified. Mr. Torres, an experienced attorney well respected by this court, testified that there had been discussions concerning whether defendant would testify throughout his representation of the defendant. He stated that the final decision was not made until after the People had rested and a conversation was had between himself and the defendant. Mr. Torres averred that he had explained both the dangers and benefits of testifying to the defendant. He stated that he advises clients that they have a right to testify and then after discussing the question as it relates to the particular facts of a defendant’s case a decision is reached. Mr. Torres’ description of who makes the final decision was: "My client in consultation with me as his lawyer”. He conceded that he had not told Mr. Roman, or any other client, that he had an absolute right to decide whether or not to testify.
Mr. Roman agreed that he and Mr. Torres had discussed whether he would testify during the course of the preparation for trial. The defendant was of the opinion that he had received a favorable Sandoval ruling as the court excluded cross-examination on a prior manslaughter conviction while allowing inquiry concerning a prior forgery. The defendant asserts that he had always wanted to present a defense but at the end of the People’s case Torres just stood up and rested without consulting him. Mr. Roman, who was charged with the robbery of a restaurant owner, averred that had he been allowed to *343 testify he would have informed the jury that the restaurant was actually a marihuana spot. He stated he had gone to the restaurant to purchase marihuana. As he left the restaurant the complaining witness came out of a cab, claimed that Roman was going to pay for what a friend of Roman’s did to him, and ran across the street to inform a police officer that Roman and others had robbed him. He further stated that the property taken from his person and identified at trial as belonging to the complainant was actually his, and he would have stated as much had he been allowed to testify. In essence, the defense the defendant alleges he was denied the opportunity to proffer was frame.
THE LAW
The fundamental legal precedents necessary to decide this case are not in dispute. An accused’s right to testify is a constitutional right of fundamental dimension (Rock v Arkansas, 483 US 44, 51-53, supra). Because the right is personal, it may be relinquished only by the defendant, and the defendant’s relinquishment of the right must be knowing and intentional, (United States v Edwards, 897 F2d 445, 446-447 [9th Cir 1990], supra; United States v Joelson, 7 F3d 174, 177 [9th Cir 1993], supra; United States v Teague, 953 F2d 1525, 1531-1532 [11th Cir 1992].) This right should be exercised, however, after full consultation with defense counsel. "Defense counsel bears the primary responsibility for advising the defendant of his right to testify or not to testify,,the strategic implications of each choice, and that it is ultimately for the defendant himself to decide” (United States v Teague, supra, at 1533).
The factual contentions also have much in common. There is no dispute that extensive consultation was had pretrial and that whether defendant would testify was considered. This court finds from Mr. Torres’ hearing testimony that he fulfilled his obligation to advise his client as to the advantages and disadvantages of testifying while leaving the final decision to Mr. Roman. The court does not concur with Judge Ward’s conclusion in DeLuca (858 F Supp, at 1357, supra) that this information must be imparted to a defendant couched in terms like "ultimate right”. No specific language is mandated so long as the defendant understands the potential consequences and that it is his decision.
The court, as a matter of credibility, does not believe that Torres rested without the consent of his client. However, even if this were so, the court would find that Mr. Roman waived *344 his right to testify. A court generally infers this waiver when an attorney rests the defendant’s case. Waiver has been inferred by many courts absent some affirmative action by the defendant to demonstrate his disagreement with his attorney’s tactics (United States v Joelson, 7 F3d 174, 177 [9th Cir 1993], supra; United States v Martinez, 883 F2d 750, 760 [9th Cir 1989]; United States v Edwards, supra, at 446; United States v Bernloehr, 833 F2d 749, 751 [8th Cir 1987], supra; but see, United States v Vargas, 920 F2d 167 [2d Cir 1990], where the issue is expressly left undecided). This court does not now believe that a defendant must explicitly state to the court his disagreement with counsel’s actions or be foreclosed from raising the claim that he was denied the right to testify (United States v Ortiz, 82 F3d 1066, 1071 [DC Cir 1996]). However, there must be some indication during the trial of conflict between attorney and client, or a tactical position taken by counsel that obviously jeopardizes the defense case, before any sua sponte action by a court is required to determine the validity of the waiver offered by counsel. Absent some indication of disagreement, or some expression by the defendant of dissatisfaction, this court does not believe it appropriate to interject a judicial inquiry, and thus and on the record waiver, into a decision so fundamental to the defense strategy (People v Fratta, 83 NY2d 771; United States v Ortiz, 82 F3d 1066 [DC Cir 1996], supra; United States v Pennycooke, 65 F3d 9 [3d Cir 1995]; United States v Castillo, 14 F3d 802 [2d Cir 1994]; Underwood v Clark, 939 F2d 473, 475 [7th Cir 1991]; United States v Martinez, 883 F2d 750 [9th Cir 1989], supra; but see, contra, People v Curtis, 681 P2d 504, 514-515 [Colo 1984]; State v Neuman, 179 W Va 580, 584-585, 371 SE2d 77, 81-82 [1988]; Culberson v State, 412 So 2d 1184, 1186 [Miss 1982]). During this trial there were no indications of conflict, and no protestation by Mr. Roman, thus the court considers counsel’s waiver to be valid and binding on the defendant. Such a waiver is not subject to collateral attack without substantial corroborating evidence not present here (Underwood v Clark, supra, at 475; see, e.g., Campos v United States, 930 F Supp 787, supra).
Finally, the court finds the proposed testimony Mr. Roman offered at the hearing to be incredible. The court perceives no reasonable probability that the result of the trial would have been different if the defendant had testified (Strickland v Washington, 466 US 668, supra). Thus, defendant has not demonstrated the prejudice necessary to prevail on an incompetency of counsel claim.
*345 CONCLUSION
The defendant’s motion to set aside the verdict is in all respects denied.