969 P.2d 106 (1998)
93 Wash.App. 241
STATE of Washington, Respondent,
v.
Mark Anthony RUSS, Appellant.
No. 39703-6-I.
Court of Appeals of Washington, Division 1.
December 7, 1998.
As Amended on Grant of Reconsideration January 12, 1999.
*107 Shannon Brooke Marsh, Elaine Winters, Seattle, for Appellant.
Stephen Gerard Teply, King County Prosecutor/Appellate Unit, Seattle, for Respondent.
COX, J.
This case presents the question of whether our state constitution's guaranty of the right to testify in one's own behalf requires a court to conduct a colloquy on the record to establish the accused's waiver of that right. Also at issue is whether the Persistent Offender Accountability Act (POAA) violates the International Covenant on Civil and Political Rights.
We hold that there is no requirement of a colloquy on the record to protect the state constitutional right to testify in one's behalf. Moreover, the POAA does not violate the International Covenant on Civil and Political Rights. We affirm the judgment and sentence.
This is a prosecution for first degree robbery with sexual motivation, first degree attempted rape, and first degree burglary. In February 1996, T.J., a house cleaner, was working at a client's house in Tukwila. While outside, she saw Mark Anthony Russ walking up the driveway. Because she did not know him, she immediately went back inside and closed the door. She tried to lock the door, but could not. Russ came to the door, demanded money, said he had a knife, and pushed open the door. He then led T.J. through the house looking for valuables. During the encounter, he attempted to rape her. After taking a jewelry box from the upstairs bedroom and searching the house for more valuables, Russ left.
After T.J. identified Russ from a photo montage, the police arrested him. The State charged Russ, and the jury convicted him of all three charged counts, except for the sexual motivation portion of the first degree burglary count.
The State filed a notice of persistent offender allegation, pursuant to RCW 9.94A.030(23), (27). The trial court considered the current offenses together with Russ' two prior "most serious" offenses and concluded that Russ was a persistent offender.[1] Accordingly, the court sentenced him to life in prison without the possibility of parole.
Russ appeals.

I. STATE CONSITUTIONAL RIGHT TO TESTIFY
Russ moved for a new trial based on CrR 7.6(a)(8). He claimed that substantial justice was not done. We review the trial court's denial of this motion for abuse of discretion.[2]
As we understand Russ' argument on appeal, he contends that he wanted to exercise his state constitutional right to testify in his own behalf and that the waiver of that right may be established only by a colloquy on the record with the judge. Because there was no such colloquy here, he contends that we should reverse his conviction.
This argument raises two questions. First, is the right to testify in one's behalf afforded greater protection under our state constitution than under the federal constitution? Second, assuming the state constitution affords greater protection than the federal constitution of this right, is a colloquy on the record required to show a knowing, voluntary, and intelligent waiver of this right?
In support of his argument that article 1, section 22 of our state constitution[3] provides greater protection of the right to testify than the related provisions of the federal constitution,[4] Russ presents the required *108 Gunwall[5] analysis. The State fails to respond to this analysis.
We conclude that it is unnecessary for us to perform a Gunwall analysis in this case. Instead, we assume for purposes of our analysis that the state constitution affords greater protection of the right to testify than does the federal constitution. On the basis of that assumption, we proceed to address the second question: Is a colloquy on the record required to ensure a knowing, voluntary, and intelligent waiver of the right?
In Thomas,[6] our Supreme Court analyzed the right to testify in one's own behalf under the federal constitution. Although the court did not address the state constitutional right because the appellant inadequately briefed Gunwall, its analysis is nonetheless instructive for this case. The Thomas court acknowledged that the right to testify in one's own behalf is "a personal right of `fundamental' dimensions."[7] The court further acknowledged that, because the right is fundamental, a waiver of it must generally be knowing, voluntary, and intelligent.[8] Comparing the right to testify with other fundamental rightsi.e., the right to represent oneself, the right to remain silent, and the right to confront witnessesthe court concluded that an on-the-record colloquy was not necessary. Thus, similar to a defendant testifying at trial or appearing with counsel, it is the defendant's conduct in failing to testify that presumably establishes a knowing waiver of that right.[9]
Significantly, the court stated two additional reasons for not requiring a colloquy. First, such a colloquy may unduly influence a defendant's decision not to testify.[10] This is because a defendant's right to testify in her own behalf is "in tension with [the] constitutional right to remain silent."[11] Second, the Thomas court deemed it "ill-advised to have judges intrude into the attorney-client relationship or disrupt trial strategy with a poorly timed interjection."[12] Thus, after Thomas, "[w]e ... rely on defense counsel to inform the defendant of his constitutional right to testify ... and on the defendant's conduct in not taking the stand as a valid waiver of [that right]."[13]
These principles are equally applicable to the state constitutional right to testify in one's own behalf. First, under our state constitution, as under the federal constitution, the right to testify is in tension with the right not to testify.[14] For that reason, it will generally be inappropriate for a judge to influence a defendant's choice between these two rights. A colloquy that focuses on the right to testify may unduly influence a defendant's exercise of the right not to do so. Second, the timing of such a colloquy is problematic.[15] Third, there could be tactical reasons, unknown to the judge, that would *109 make it inappropriate for the judge to insert herself into the relationship between client and counsel. Finally, while there may be situations where a defendant's failure to take the stand could not represent an effective waiver, we believe such situations are likely to be extremely rare.[16] In sum, we hold that there is no general obligation of a court to inform a defendant of the right to testify in one's behalf or to conduct a colloquy to ensure a knowing, voluntary, and intelligent waiver of that right.
Russ argues that a sua sponte judicial inquiry is necessary where there is an evident conflict between a defendant and her trial counsel. Russ cites a New York case, People v. Roman,[17] for this proposition. But there, the court found that no conflict existed between Roman and his counsel. And the cases cited by Roman indicate that only an apparent conflict concerning the defendant's exercise of her right to testify will trigger a court's obligation to conduct an inquiry. The record before us indicates that the conflict between Russ and his counsel, if any, was limited to the question of the presentation of other witnesses, not Russ. Russ cites no authority for the proposition that a conflict over counsel's presentation of witnesses other than the accused is sufficient to trigger the court's obligation to conduct an inquiry.
The trial court did not abuse its discretion by denying the motion for a new trial.

II. INTERNATIONAL COVENANT ON CIVIL AND POLITICAL RIGHTS
Russ contends that the POAA violates the International Covenant on Civil and Political Rights.[18] Specifically, he contends that the POAA violates Article 10(3) of the Covenant, which provides, in relevant part, "The penitentiary system shall comprise treatment of prisoners the essential aim of which shall be their reformation and social rehabilitation."
The United States ratified the Covenant in 1992.[19] To this ratification, the Senate attached a number of "reservations, understandings and declarations."[20] One of these stated that "[t]he United States further understands that paragraph 3 of Article 10 does not diminish the goals of punishment, deterrence, and incapacitation as additional legitimate purposes for a penitentiary system."[21]
The POAA does not violate Article 10(3) of the Covenant. While the state statute mandates a sentence of life without the possibility of parole for certain offenders, it does not suggest that such offenders shall be excluded from treatment aimed at reformation or rehabilitation.
We affirm the judgment and sentence.
The remainder of this opinion has no precedential value and will not be published.[22]
COLEMAN and ELLINGTON, JJ., concur.
NOTES
[1] RCW 9.94A.030(23), (27) and RCW 9.94A.120(4).
[2] State v. Copeland, 130 Wash.2d 244, 294, 922 P.2d 1304 (1996).
[3] This section provides that a criminal defendant has the right "to testify in his own behalf."
[4] Rock v. Arkansas, 483 U.S. 44, 49, 51-53, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987) (stating that the right has been derived from the fourteenth amendment's due process clause, the compulsory process clause of the sixth amendment, and as a necessary corollary to the fifth amendment's privilege against self-incrimination).
[5] State v. Gunwall, 106 Wash.2d 54, 61-62, 720 P.2d 808, 76 A.L.R. 4th 517 (1986).
[6] State v. Thomas, 128 Wash.2d 553, 910 P.2d 475 (1996).
[7] Thomas, 128 Wash.2d at 558, 910 P.2d 475 (citing, among others, Rock, 483 U.S. at 52, 107 S.Ct. 2704).
[8] Thomas, 128 Wash.2d at 558, 910 P.2d 475.
[9] Thomas, 128 Wash.2d at 559, 910 P.2d 475.
[10] Thomas, 128 Wash.2d at 560, 910 P.2d 475; see also United States v. Edwards, 897 F.2d 445, 447 n. * (9th Cir.), cert. denied, 498 U.S. 1000, 111 S.Ct. 560, 112 L.Ed.2d 567 (1990).
[11] State v. Robinson, 89 Wash.App. 530, 535, 953 P.2d 97 (1997), review granted, 136 Wash.2d 1013, 966 P.2d 1278 (1998).
[12] Thomas, 128 Wash.2d at 560, 910 P.2d 475; see also Edwards, 897 F.2d at 447 n. *.
[13] Robinson, 89 Wash.App. at 535, 953 P.2d 97.
[14] Article I, section 9 of the state constitution provides, in relevant part, that: "No person shall be compelled in any criminal case to give evidence against himself."
[15] Tachibana v. State, 79 Hawai'i 226, 243, 244, 900 P.2d 1293 (1995) (Nakayama, J., concurring and dissenting) (noting that majority's requirement that court conduct colloquy "`immediately prior to the close of defendant's case'" creates additional problems, as the court will have to rely on defense counsel to let it know when defense is about to rest, and ignores the "practical realities of courtroom procedure").
[16] See Brown v. Artuz, 124 F.3d 73, 79 n. 2 (2d Cir.1997) (discussing the types of exceptional circumstances that may require judicial inquiry to ensure proper waiver), cert. denied, ___ U.S. ___, 118 S.Ct. 1077, 140 L.Ed.2d 135 (1998).
[17] 172 Misc.2d 339, 658 N.Y.S.2d 196, 200 (1997).
[18] G.A. Res. 2200A, U.N. GAOR, 21st Sess., Supp. No. 16, at 52, U.N. Doc. A/6316 (1966).
[19] Senate Report on the International Covenant on Civil and Political Rights, 138 Cong. Rec. §4783-84 (daily ed. Apr. 2, 1992).
[20] See 58 Fed.Reg. 45934, at 45941 (1993).
[21] See 58 Fed.Reg. 45934, at 45941 (1993).
[22] RCW 2.06.040.