[No. 18359-9-III.   Division Three.   November 16, 2000.]

THE STATE OF WASHINGTON, *Respondent*, v. JERRY ALLEN
DAUENHAUER, *Appellant*.

374

*Paul J. Wasson II*, for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney*, and *Lauri M. Boyd, Deputy*, for respondent.

SWEENEY, J. — Jerry A. Dauenhauer appeals his Yakima County convictions for three counts of second degree bur-

glary. He contends an instructional error denied him a fair trial, and that the court improperly ordered restitution for acts unrelated to the burglaries. We affirm the convictions but vacate the restitution order.

The State charged Mr. Dauenhauer with burglarizing three storage units at Yakima Secure Storage on October 29, 1997. The victims, Pamela Hulm, Laurie Jewett, and Roslyn Anderson, each testified at trial that personal property was stolen from their respective units on that date. The manager of Yakima Secure Storage, Gary Frymire, testified that on the date of the burglaries he called the police at 12:50 p.m., when he saw a suspicious black Ford Thunderbird inside the compound. Officer Mark Quillen responded and accompanied Mr. Frymire to investigate the vehicle. They saw a man get into the driver's seat and accelerate the car through two fences to escape from the premises. Officer Quillen gave chase for four blocks until the Thunderbird went through a stop sign and collided with a truck driven by Ryan Jennings. The Thunderbird's driver and a passenger got out and fled the scene. Officer Quillen and Mr. Jennings both saw the driver's face. They identified him in a photomontage and in court as Mr. Dauenhauer. Mr. Frymire also chose Mr. Dauenhauer in the photomontage as the person most resembling the driver. Stolen items from the storage units were recovered from the Thunderbird.

The jury rejected as incredible the testimony of defense witnesses, including the passenger, Michael Nelson, that Mr. Dauenhauer was not the driver of the Thunderbird and that he was not one of the burglars. Mr. Dauenhauer elected not to testify. The jury convicted him as charged, resulting in this appeal.

First, Mr. Dauenhauer contends the court committed reversible error by sua sponte giving jury instruction 12 (11 WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 6.31, at 142 (2d ed. 1994)), which stated he is not compelled to testify, and the fact he has not testified cannot be used to infer guilt or prejudice him in any way. Mr. Dauenhauer now asserts

that he made a tactical decision not to request this instruction and the court improperly highlighted or commented on his silence by giving it anyway. *State v. Russ*, 93 Wn. App. 241, 969 P.2d 106 (1998), *review denied*, 137 Wn.2d 1037 (1999); *State v. King*, 24 Wn. App. 495, 601 P.2d 982 (1979). We disagree.

■ A criminal defendant's choice to either testify or to remain silent and not take the stand implicates fundamental and personal constitutional rights that are not to be influenced by a judge. *Russ*, 93 Wn. App. at 245-47 (citing *State v. Thomas*, 128 Wn.2d 553, 560, 910 P.2d 475 (1996)). Although the instruction at issue here must be given if requested by the defendant, its use does present counsel with a tactical choice. *King*, 24 Wn. App. at 500. Some defendants forgo the instruction on the theory it highlights the defendant's silence and enables the prosecutor to point out he did not testify by using the court's own words. *Id.*

■ Mr. Dauenhauer did not request the instruction, but also did not object to it. When he apprised the court that he would not testify, the court stated:

> You understand in light of that the court will instruct the jury then that the defendant is not compelled to testify, and the fact that a defendant has not testified cannot be used in any way to infer guilt or prejudice him. And I will then give that instruction to the jury if you are not going to testify. But that's again your decision.

Mr. Dauenhauer simply responded, "Thank you." The record does not indicate that the court in any way influenced Mr. Dauenhauer's decision whether to testify. Since defense counsel took no exception to the giving of this instruction, it became the law of the case. *See State v. Salas*, 127 Wn.2d 173, 182, 897 P.2d 1246 (1995) (unobjected-to instruction becomes law of case and not subject to appeal except in case of manifest error affecting constitutional right). The instruction was a correct statement of the law properly reflecting the admonition " 'that a defendant must pay no court-imposed price for the exercise of his constitutional privilege not to testify.' " *State v. Barnes*, 54 Wn. App.

536, 542, 774 P.2d 547 (1989) (quoting *Carter v. Kentucky*, 450 U.S. 288, 301, 101 S. Ct. 1112, 67 L. Ed. 2d 241 (1981)). The prosecutor made no mention in closing argument of Mr. Dauenhauer's not taking the stand. Mr. Dauenhauer does not show that the instruction negatively affected his constitutional rights. We find no error.

Second, Mr. Dauenhauer contends the court erred in ordering restitution for damage to Mr. Jennings' vehicle unrelated to the burglaries because restitution is authorized only for damages resulting from the specific crimes for which a defendant is charged and convicted.

The State, on the other hand, relies on *State v. Enstone*[1] to contend that a causal relationship between Mr. Dauenhauer's acts and the damage to the truck vested the court with discretion to order the restitution. We disagree with the State.

■■ The restitution statute, RCW 9.94A.142, provides in part:

(1) . . . [R]estitution ordered by a court pursuant to a criminal conviction shall be based on easily ascertainable damages for injury to or loss of property . . . . The amount of restitution shall not exceed double the amount of the offender's gain or the victim's loss from the commission of the crime. . . .

(2) Restitution shall be ordered whenever the offender is convicted of an offense which results in injury to any person or damage to or loss of property . . . . In addition, restitution shall be ordered to pay for an injury, loss, or damage if the offender pleads guilty to a lesser offense or fewer offenses and agrees with the prosecutor's recommendation that the offender be required to pay restitution to a victim of an offense or offenses which are not prosecuted pursuant to a plea agreement.

RCW 9.94A.142 thus confers broad power on the trial court to order restitution. *See State v. Enstone*, 137 Wn.2d 675, 679, 974 P.2d 828 (1999). When authorized by statute, imposing restitution is generally within the court's discretion and is reviewable only for abuse of that discretion.

[1] 137 Wn.2d 675, 974 P.2d 828 (1999).

*State v. Davison*, 116 Wn.2d 917, 919, 809 P.2d 1374 (1991). Discretion is abused only when exercised in a manifestly unreasonable manner or on untenable grounds. *Enstone*, 137 Wn.2d at 679-80; *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

One goal of restitution is "to 'require[] the defendant to face the consequences of his criminal conduct.'" *Enstone*, 137 Wn.2d at 680 (quoting *Davison*, 116 Wn.2d at 922). Nevertheless, a restitution order must be based on the existence of a causal relationship between the crime charged and proven and the victim's damages. *State v. Woods*, 90 Wn. App. 904, 907, 953 P.2d 834, *review denied*, 136 Wn.2d 1021 (1998); *State v. Hartwell*, 38 Wn. App. 135, 139-40, 684 P.2d 778 (1984), *overruled on other grounds by State v. Krall*, 125 Wn.2d 146, 881 P.2d 1040 (1994). *See also State v. Theroff*, 33 Wn. App. 741, 745, 657 P.2d 800 (1983). A defendant may not be required to pay restitution beyond the crime charged or for other uncharged offenses absent a guilty plea with an express agreement as part of that process to pay restitution for crimes for which the defendant was not convicted. *Woods*, 90 Wn. App. at 908; *State v. Miszak*, 69 Wn. App. 426, 848 P.2d 1329 (1993). In other words, restitution cannot be imposed based on a defendant's "general scheme" or acts "connected with" the crime charged, when those acts are not part of the charge. *Woods*, 90 Wn. App. at 907-08; *Hartwell*, 38 Wn. App. at 141. When the court fails to adhere to these principles, its restitution order is void. *State v. Duback*, 77 Wn. App. 330, 332–33, 891 P.2d 40 (1995).

The State proposed that Mr. Dauenhauer pay restitution of $10,448.11 based on itemized proof of loss documents as follows: Roslyn Anderson—$2,395.39 to State Farm and $250.00 for her deductible; Laurie Jewett—$764.00; Pamela Hulm—$3,078.30 to American States Insurance and $2,594.70 for her deductible and items not covered by insurance; Ryan Jennings—$1,065.72 to Allstate Insurance and $100.00 for his vehicle damage deductible; and, Yakima

Secure Storage—$200.00 for damaged fence, "subject to modification."

At the sentencing hearing, however, Mr. Dauenhauer contested the restitution amount on the basis that all of the items found in the Thunderbird were recovered and returned to the owners. The parties agreed to set a restitution hearing regarding the stolen property. Defense counsel did state, however:

> We would agree that we are liable to pay Ryan Jennings the car damage, which is $1,165.72. Yakima Storage, the damaged fence is $200. That is subject to modification. I'm sure that the repairs are going to cost more than $200.
>
> But under the facts of this case as presented, we're going to be liable for that, just like Mr. Nelson is.

The court stated:

> What I'm inclined to do with respect to that is set restitution at about $2,000, subject to modification, because apparently we have $1,165 for the Jennings on the car and $200 on the fence. . . . That could be increased upward or [decreased] downward, but it seems to me that's well within reason at this point based on the testimony.

The court thus ordered $2,000 restitution subject to modification, but did not specify how that amount would be apportioned to the victims. The record gives no indication that the court held a subsequent restitution hearing.

Clearly, the court's restitution order contemplates damages for acts not part of the burglary charge, i.e., damages to Mr. Jennings' truck and Yakima Secure Storage's fence. The State nevertheless contends that since defense counsel agreed to the $1,365.72 amount for these damages and because RCW 9.94A.142(1) authorizes restitution of double the amount, the $2,000.00 obligation is well within the double damage provision and should be affirmed.

But defense counsel's incorrect concession to liability for those damages "under the facts of this case as presented" is not akin to a guilty plea and agreement to pay for uncharged acts. The facts of this case give rise to no statutory

authority for the court to order such restitution for Mr. Dauenhauer's "general scheme" or acts merely "connected with" the burglaries.

The State's cited case, *State v. Enstone*, does not warrant a different result. In *Enstone*, the defendant was convicted of second degree assault for pushing the victim down a flight of stairs and kicking her to unconsciousness. The defendant challenged the court's order that he pay restitution for the victim's injuries he considered unforeseeable consequences of his conduct. The court held that foreseeability is not an element under RCW 9.94A.142, and that the trial court need find only that a victim's injuries were causally connected to the crime before ordering the defendant to pay restitution. *Enstone*, 137 Wn.2d at 682. The case did not involve restitution for uncharged conduct.

The restitution portion of Mr. Dauenhauer's judgment and sentence is therefore vacated and the matter remanded for a revised restitution order to properly "identify in the judgment and sentence the victim or victims entitled to restitution and what amount is due each victim." RCW 9.94A.142(6). This includes only the burglary victims and their insurance carriers. The judgment and sentence is otherwise affirmed.

BROWN, A.C.J., and SCHULTHEIS, J., concur.

Review denied at 143 Wn.2d 1011 (2001).