IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 30644-5-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GARY ENGELSTAD, Jr., | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Gary Englestad, Jr., challenges his convictions for second degree

theft and second degree malicious mischief, arguing that the court should have given a

*Carter*[1] instruction although none was requested. We conclude that neither the trial judge

nor defense counsel erred, and affirm the convictions.

FACTS

The charges were filed after Mr. Engelstad and two others were caught dismantling

a 1957 Federal Crane at the Big Foot mining claim; they did not own the crane or the

---

[1] *Carter v. Kentucky*, 450 U.S. 288, 303, 101 S. Ct. 1112, 67 L. Ed. 2d 241 (1981).

mining claim.[2] The men intended to recycle the crane as scrap. Mr. Engelstad alone proceeded to jury trial in the Kittitas County Superior Court after the co-defendants resolved their cases.

Mr. Engelstad, who has an extensive felony criminal history, did not testify. His counsel did not seek, and the trial court did not give, an instruction telling the jury it should draw no adverse inference from Mr. Engelstad's decision not to testify.

The jury convicted Mr. Engelstad as charged. After the court imposed a standard range sentence, he timely appealed to this court.

## ANALYSIS

This appeal presents two related questions concerning the lack of a *Carter* instruction – whether (1) the trial court was required to give the instruction *sua sponte*, and (2) defense counsel provided ineffective assistance of counsel by not seeking the instruction. We answer both questions "no."

*Necessity for Instruction*

In *Carter v. Kentucky*, 450 U.S. at 303, the United States Supreme Court held that, upon request, a jury must be instructed that it can draw no adverse inference from a defendant's failure to testify. Mr. Engelstad argues that *Carter* thus imposes a duty on

---

[2] The claim owner, Mr. Bradshaw, testified that he named the claim for the legendary Big Foot who was "still running around." Report of Proceedings at 116.

the trial court to give an instruction whenever a defendant does not testify. As noted previously, we disagree.

Many constitutional rights stand in tension with other constitutional rights. The right to counsel in criminal cases is in conflict with the right to self-representation. The Fifth Amendment privilege against self-incrimination is in contrast to the defendant's Sixth Amendment right to testify and to present witnesses. *E.g., State v. Thomas*, 128 Wn.2d 553, 556-57, 910 P.2d 475 (1996). Many of these rights can be exercised only to the exclusion of another right. Because of this fact, trial courts tread carefully in inquiring about defense decisions at trial. A case on point is *State v. Russ*, 93 Wn. App. 241, 969 P.2d 106 (1998).

There the defendant did not testify, but argued on appeal that he had wanted to do so and that the trial court erred by not conducting a colloquy to assess his apparent waiver of the right to testify. *Id.* at 244. This court, analogizing to the treatment of several other constitutional rights, concluded that it was not appropriate for the trial court to engage in a colloquy with the defendant. *Id.* at 247. The *Thomas* court likewise recognized that it would be "ill-advised" to intrude upon the defense's trial strategy by inquiring about which rights were to be exercised. 128 Wn.2d at 560.

If it is "ill-advised" to *inquire* about the defendant's decision, we believe it also would be very ill-advised to *sua sponte* give an instruction calling the jury's attention to the defendant's decision not to testify. *Carter* only mandated use of the instruction when

3

requested by the defendant. It did not require the instruction in all cases.[3] It is better practice to always inquire of defense counsel, outside the presence of the jury, if the defense desires a *Carter* instruction. However, the trial court is not required to inquire and can rely upon the failure to submit such an instruction as an expression that the defense does not want the instruction to highlight the defendant's decision not to testify.

We conclude that the trial court had no duty to give a *Carter* instruction where one was not requested by the defense.

*Effective Assistance of Counsel*

Mr. Engelstad alternatively argues that his counsel failed to provide effective assistance when he did not request a *Carter* instruction. Like the decision whether or not to testify, this was a tactical choice rather than a failure of counsel.

Well settled standards govern the ineffective assistance of counsel claim. An attorney's failure to perform consistent with the standards of the profession will require a new trial when the client has been prejudiced by counsel's failure. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). In evaluating ineffectiveness claims, courts must be highly deferential to counsel's decisions. A strategic or tactical decision is not a basis for finding error. *Strickland v. Washington*, 466 U.S. 668, 689-91, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Under *Strickland*, courts evaluate counsel's performance

---

[3] This fact is one reason why we disagree with Mr. Engelstad's argument that the absence of a *Carter* instruction is structural error. We also note that the Ninth Circuit has rejected the argument. *United States v. Soto*, 519 F.3d 927 (9th Cir. 2008).

using a two-prong test that requires determination whether or not (1) counsel's performance failed to meet a standard of reasonableness and (2) actual prejudice resulted from counsel's failures. *Id.* at 690-92. When a claim can be disposed of on one ground, a reviewing court need not consider both *Strickland* prongs. *State v. Foster*, 140 Wn. App. 266, 273, 166 P.3d 726 (2007).

Both before and after *Carter*, divisions of this court have opined that the decision to seek a "no inference" instruction is a tactical one for defense counsel to make. *State v. Dauenhauer*, 103 Wn. App. 373, 376, 12 P.3d 661 (2000); *State v. King*, 24 Wn. App. 495, 500, 601 P.2d 982 (1979).[4] Mr. Engelstad contends that these decisions are merely dicta on the issue presented here. Whether that is true or not, the observations in *Dauenhauer* and *King* are consistent with the experiences of this court – although many defense counsel seek a *Carter* instruction when appropriate, not all do so, and many who decline such instructions do so for the tactical reason of not highlighting the defendant's decision to not testify. That approach may be appropriate in some cases such as when the defense is able to launch a strong attack on the prosecutor's case. There are many reasons why the defense might prefer to have the jury focus on the State and its burden of proof rather than being reminded that the defendant did not testify.

---

[4] At issue in *Dauenhauer* was the trial court's decision to *sua sponte* give a *Carter* instruction. This court rejected the defendant's argument that it was error to give the instruction without a defense request. 103 Wn. App. at 376-77. In *King* the court concluded counsel was not ineffective for failing to offer a pre-*Carter* "no inference" instruction. 24 Wn. App. at 500.

No. 30644-5-III
*State v. Engelstad, Jr.*

Accordingly, we conclude that the decision not to use a *Carter* instruction often is a tactical choice of counsel. In the absence of strong evidence to the contrary, the mere failure to request such an instruction is not a basis for finding counsel failed the first prong of the *Strickland* test. On the facts of this case, we conclude that there was no evidence that defense counsel failed to perform to the standards of the profession. The ineffective assistance argument thus necessarily fails without need to discuss the prejudice prong of *Strickland*.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Brown, A.C.J.

Lawrence-Berrey, J.

6