# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re the Detention of: | No. 54812-7-II |
| E.W., | |
| Appellant. | UNPUBLISHED OPINION |

PRICE, J. — E.W. appeals the superior court's order denying his motion to revise the commissioner's 14-day involuntary commitment order. Specifically, he argues that the commissioner erred by proceeding with the probable cause hearing when, after exercising his right to refuse medication, E.W. had been administered medication prior to the hearing. However, E.W. has waived any error in the commissioner proceeding with the probable cause hearing. Accordingly, we affirm the superior court's order denying the motion to revise.

## FACTS

At 11:34 p.m. on June 23, 2020, the Pierce County Designated Crisis Responder detained E.W. at Good Samaritan Hospital. On June 24, E.W. was transferred to Wellfound, a private mental health care facility. The crisis responder filed a petition for an initial 14-day involuntary commitment. The probable cause hearing on the petition was scheduled for June 26.

At the probable cause hearing, E.W.'s attorney informed the commissioner that he would like to make a record regarding a medication issue. Nathan Hinrichs, a court evaluator at Wellfound, testified that he informed E.W. of his right to refuse medication 24 hours before the hearing. Hinrichs testified that E.W. declined all medications and he informed the nursing staff of

No. 54812-7-II.

E.W.'s decision by noting it in several places. Hinrichs explained that, notwithstanding his notations, E.W. did receive an oral dose of Zyprexa and an oral dose of Trazadone later that day. After seeing that medications had been administered, Hinrichs met with E.W. in the morning to see if he had changed his mind but E.W. reiterated that he did not want to take any medications before court.

E.W. testified that he made it very clear that he did not want to receive any medications. However, E.W. explained that in the afternoon, a nurse came to his room with the Zyprexa and told him he had to take it. E.W. said he took the medication because the nurse told him to. Later, another nurse brought him the Trazadone and told him to take it. Again, E.W. said he took the medication because the nurse told him to.

Following this testimony, the State explained that the nurses that administered the medication were not available to testify that day. The State suggested continuing the hearing in order to hear testimony from the nurses. E.W. argued that any continuance would be prejudicial because the earliest the hearing could be set would be Monday and he would have to spend the weekend at Wellfound. The Commissioner decided to continue the hearing to hear additional testimony on Monday.

E.W.'s attorney then stated that E.W. was willing to waive the medication issue in order to proceed with the hearing that day. E.W.'s attorney represented that she had discussed waiving the medication issue with E.W. and he was willing to waive it in order to continue with the probable cause hearing. Then the commissioner inquired directly of E.W.:

2

No. 54812-7-II.

> [COMMISSIONER]: [E.W.], this is Commissioner Kiesel. Uh, I do have concerns because the main reason you are not supposed to be given medication rights is if— or medication, is to make sure that you are clear thinking for the hearing. Do you feel that your medications are going to impact your testimony today?

> [E.W.]: Absolutely not, Your Honor. I am high IQ and I'm fully aware of my surrounding, thank you very much.

Clerk's Papers (CP) at 53-54. The commissioner proceeded with the hearing on the petition.

Following the hearing, the commissioner entered a written order finding E.W. gravely disabled. The commissioner ordered that E.W. would be detained at Wellfound for 14 days. E.W. filed a motion to revise the commissioner's order, which the superior court denied. CP 30, 193; PDF 33, 196.

E.W. appeals the superior court's order denying his motion to revise the commissioner's 14 day involuntary commitment order.

ANALYSIS

E.W. argues that he has statutory, procedural due process, and substantive due process rights to appear at his hearing unmedicated and the commissioner violated his rights by proceeding with the hearing after he has been administered medication. The State argues that E.W. waived any error. We agree with the State.

" 'In general, the waiver of a fundamental constitutional right must be made knowingly, voluntarily, and intelligently.' " *State v. Lee* 12 Wn. App. 2d 378, 387, 460 P.3d 701, *review denied,* 195 Wn.2d 1032 (2020) (quoting *State v. Thomas*, 128 Wn.2d 553, 558, 910 P.2d 475 (1996)). Assuming, without deciding, that this standard for waiving a constitutional right applies here, E.W. knowingly, voluntarily, and intelligently waived his right to be unmedicated at the commitment hearing.

3

No. 54812-7-II.

E.W. raised the medication issue before the commissioner but then he clearly reversed course, deciding he would rather proceed with the probable cause hearing instead of waiting to have testimony from the nurses who administered the medication. E.W. voluntarily chose to take his opportunity to be released by continuing with the hearing rather than face the certainty of staying at Wellfound for the weekend. In addition, E.W. made his request to proceed with the probable cause hearing with the knowledge that follows professional advice. E.W.'s decision was made after a private discussion with his attorney—an attorney who also confirmed that E.W. was waving the medication issue. And both E.W.'s desire to waive the issue and his ability to make that decision were confirmed through his colloquy with the commissioner.

E.W.'s knowing, voluntary, and intelligent request to proceed with the hearing waived any right to appear at the hearing unmedicated. Therefore, we decline to review E.W.'s argument that proceeding with the hearing violated his statutory, procedural due process, and substantive due process rights to appear at his hearing unmedicated, and affirm the trial court's order detaining E.W. for 14 days.

4

No. 54812-7-II.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

MAXA, P.J.

BASSETT, J.P.T.[1]

[1] Judge Jeffrey Bassett is serving as a judge pro tempore of the court pursuant to RCW 2.06.150.