# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 55930-7-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| JEFFREY DANIEL GIBBERMAN, | |
| Appellant. | |

MAXA, J. – Jeffrey Gibberman appeals the trial court's restitution order following his guilty plea to two counts of felony harassment. He argues the trial court erred by ordering restitution for the victim's hotel expenses that were incurred after Gibberman threatened to kill the victim and her son at the victim's home.

We hold that the trial court did not err in ordering restitution because the hotel expenses were causally connected to Gibberman's crimes and were not too attenuated. Accordingly, we affirm the trial court's restitution order.

## FACTS

On October 16 and 17, 2020, Gibberman sent numerous threatening text messages to his former boss, Carmen Decker. Gibberman was arrested and booked into jail on October 19. The State charged Gibberman with two counts of felony harassment, with one count including a vulnerable person aggravator. Gibberman pleaded guilty to both counts.

One of Gibberman's texts to Decker stated, "I have friends . . . that are going to kill you. I already paid them so watch your back. You will be dead, you and your son." Report of Proceedings (RP) (Mar. 16, 2021) at 17. Gibberman also made detailed threats to kill Decker

and her son at their home, and later sent a text that consisted only of the home's address. Another text stated, "Are you scared that I might be where you live right now, right outside your apartment where you park your car, with a full bucket of gasoline and match? Are you scared about that? What if you burn down tonight? Are you scared?" RP (Mar. 16, 2021) at 18. After Gibberman was arrested, Decker moved into two hotel rooms with her family.

The State requested restitution, which included Decker's hotel expenses. At the restitution hearing, the parties agreed that the trial court could consider the statements Decker made at sentencing. The State also submitted an exhibit containing a written statement from Decker and receipts for the hotel rooms totaling $3,207.09.

Decker stated that she needed to leave her home because of Gibberman's threats. Decker could not stay with family or friends because her son was in a wheelchair; instead, she needed a hotel room that complied with Americans with Disabilities Act standards. It took her a few days to find an appropriate hotel. Decker moved into a hotel room with her family on October 23. She obtained a second hotel room to accommodate her family, including her son's caregiver, and their schedules.

The trial court ordered Gibberman to pay $3,306.07 in restitution, which included $3,207.09 in hotel room expenses. Gibberman appeals the court's restitution order.

ANALYSIS

A.      LEGAL PRINCIPLES

The trial court's authority to order restitution derives from statutory provisions. *State v. Gray*, 174 Wn.2d 920, 924, 280 P.3d 1110 (2012). RCW 9.94A.753(5) states, "Restitution shall be ordered whenever the offender is convicted of an offense which results in injury to any person or damage to or loss of property" absent extraordinary circumstances. Under RCW

9.94A.753(3), restitution "shall be based on easily ascertainable damages for injury to or loss of property, actual expenses incurred for treatment for injury to persons, and lost wages resulting from injury." Restitution can be based on funds the victim expends as a result of the crime. *State v. Tobin*, 161 Wn.2d 517, 524, 166 P.3d 1167 (2007).

Restitution can be ordered only for losses that are causally connected to the defendant's offense. *Id.* at 524. The State must show that but for the offense, the losses would not have occurred. *Id*. at 524, 527. Proof of expenditures is not necessarily sufficient to show a causal connection "because it is often not possible to determine from such documentation whether all the costs incurred were related to the offender's crime." *State v. Dennis*, 101 Wn. App. 223, 227, 6 P.3d 1173 (2000).

We review a trial court's restitution order for an abuse of discretion. *State v. Deskins*, 180 Wn.2d 68, 77, 322 P.3d 780 (2014). A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or reasons. *Id*.

B.     CAUSAL CONNECTION

Gibberman argues that Decker's hotel expenses were not causally connected to his crimes because she moved to the hotel after his criminal conduct occurred. We disagree.

Gibberman sent numerous threatening text messages to Decker. The texts specifically included threatening to kill Decker and her son in their home and burning down the home. Further, Gibberman stated that he had paid friends to kill Decker. The fact that Gibberman was arrested and the texts stopped did not eliminate the possibility that Gibberman or his friends might attempt to kill Decker and her son in their home later. And Decker stated that she needed to leave her home because of Gibberman's threats. The trial court did not abuse its discretion in concluding that but for the threats, Decker would not have incurred the hotel expenses.

Gibberman also argues that the expense of the second hotel room was too attenuated. However, Decker stated that she needed two rooms to accommodate her son and his caregiver. The trial court did not abuse its discretion in including the second hotel room in the restitution amount.

Finally, Gibberman cites three cases in which restitution was denied based on a lack of causal connection: *State v. Blanchfield*, 126 Wn. App. 235, 108 P.3d 173 (2005); *State v. Dauenhauer*, 103 Wn. App. 373, 12 P.3d 661 (2000); and *State v. Vinyard*, 50 Wn. App. 888, 751 P.2d 339 (1988). But those cases are distinguishable on their facts.

We hold that the trial court did not err in including the hotel expenses in the restitution order.

## CONCLUSION

The trial court did not abuse its discretion by including Decker's hotel expenses in its restitution order. Accordingly, we affirm the trial court's restitution order.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

GLASGOW, C.J.

PRICE, J.

4