[No. 18208.  Department One.  November 6, 1923.]

THE STATE OF WASHINGTON, *Respondent*, v. GUST RUSOS, *Appellant*.[1]

CRIMINAL LAW (363)—NEW TRIAL (49)—PROCEEDINGS—AFFIDAVITS OF JURORS TO IMPEACH VERDICT. The verdict of a jury in a criminal case cannot be impeached by the affidavit of a juror that he did not understand the testimony of the accused, who was a foreigner and spoke English imperfectly, especially where counsel did not ask for an interpreter.

TRIAL (118½)—DELIBERATIONS OF JURY—TAKING EXHIBIT TO JURY ROOM—STATUTES. Rem. Comp. Stat., § 351, providing that the jury may take to the jury room all papers which have been received in evidence, is not applicable to an affidavit which was ruled out and withdrawn, except as to one sentence, which was read to the jury.

Appeal from a judgment of the superior court for Lewis county, Reynolds, J., entered March 26, 1923, upon a trial and conviction of accepting the earnings of a prostitute. Affirmed.

*W. E. Bishop* and *A. E. Rice*, for appellant.
*Don G. Abel* and *J. H. Jahnke*, for respondent.

[1]Reported in 219 Pac. 843.

TOLMAN, J.—Appellant was informed against, tried and convicted upon a charge of accepting the earnings of a common prostitute. From a judgment and sentence on the verdict of guilty, he appeals.

Three errors are assigned, which will be treated in the order presented:

(1) Appellant is apparently a native of Greece, and speaks our language somewhat brokenly. He offered himself as a witness in his own behalf, and gave his testimony to the jury, without any request for an interpreter. In support of a motion for a new trial, one of the jurors who tried the case made affidavit to the effect that he could not and did not understand the testimony so given, save in part, and believes that other jurors were similarly handicapped; and, by reason of the lack of understanding, affiant could not give the consideration to appellant's defense that it was entitled to receive. We pass the fact that all the remaining jurors made affidavit that they heard and understood perfectly, and for present purposes assume that the most which appellant now claims in this respect is true; still there was no error.

Appellant and his counsel knew, if anyone did, of his lack of fluency in the English tongue, how comprehensible and intelligible his language was, and what, if any, difficulties a stranger might have in grasping his meaning. Hence it was their duty to call the attention of the court to the necessity for an interpreter, if there was such necessity. Not having done so is an admission that they believed no interpreter necessary, and if any juror lacked the ordinary and usual capacity to understand one speaking thus brokenly, and did in fact so fail to understand, that is a matter which inheres in the verdict, and jurors may not impeach their own verdict.

(2) On cross-examination, a witness for the state was shown what purported to be an affidavit executed by him. He admitted his signature thereto, but denied having authorized the incorporation therein of one of the statements of fact set forth. Counsel for appellant proceeded to ask another question concerning the contents of the affidavit, and the court, conceiving that the answer might tend to incriminate the witness, first directed the jury to retire, and then refused to permit the witness to answer without first informing him of his constitutional rights. The examining counsel then withdrew the question, and, with the consent of counsel, the court admitted in evidence but a single sentence contained in the affidavit, comprising the one statement of fact which the witness denied having authorized. Counsel then asked: "How may that get before the jury, Your Honor?" and the court directed that it be read to the jury, and then, without objection, said:

"The exhibit will be withdrawn as a whole when the jury returns, but that particular clause of it will be admitted to the jury."

The jury was recalled, counsel read to it the admitted clause, and immediately thereupon the court instructed the jury: "The exhibit otherwise will be withdrawn from the consideration of the jury except as to that," all without objection or exception. After the close of the testimony, counsel requested that the affidavit be sent out with the jury as an exhibit in the case, and the refusal of this request is assigned as error. The statute covering this subject reads:

"Upon retiring for deliberation, the jury may take with them the pleadings in the cause, and all papers which have been received as evidence on the trial (ex-

cept depositions), or copies of such parts of public records or private documents given in evidence as ought not, in the opinion of the court, to be taken from the person having them in possession." Rem. Comp. Stat., § 351 [P. C. § 8460].

Appellant contends that this statute is mandatory, and that the word "may" should be construed to mean "shall," thus denying to the trial judge any discretion in the matter. There are respectable authorities holding each way on this question. But, conceding for present purposes that the rule for which appellant contends should be applied in all usual and ordinary cases, does it apply here? We think not. The statute in express terms refers to papers received as evidence on the trial. This particular paper was not received as evidence, but only a single sentence therefrom was received, as tending to impeach the witness. Possibly ninety-nine per cent of the contents of the two page affidavit was wholly improper to go to the jury, was ruled out by the court without objection or exception, and under no rule would it have been proper to send out with the jury this inadmissible and prejudicial matter. The appellant had the benefit of the submission to the jury by reading of all that was admitted or admissible, and at least in the absence of an offer to in some manner effectually segregate the admitted from the rejected and inadmissible, so that the jury might consider the admitted written evidence only, there was no error.

(3) The third and last point raised by the appellant is that the evidence was insufficient to carry the case to the jury or support the verdict. We have read the abstract, and not being satisfied therewith, have studied the statement of facts. Without setting out the evidence here, which could serve no good purpose,

it is necessary only to say that we are fully convinced that it was sufficient.

The judgment appealed from is affirmed.

Main, C. J., Holcomb, Parker, and Mackintosh, JJ., concur.