[No. 21588-4-I.   Division One.   December 27, 1989.]

THE STATE OF WASHINGTON, *Respondent*, v. MIGUEL VARGAS MENDEZ, *Defendant*, JORGE ACOSTA SANDOVAL, *Appellant*.

*Antonio Salazar* and *Salazar & Broderick,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Craig Peterson, Deputy,* for respondent.

GROSSE, A.C.J.—Sandoval appeals the denial of a motion to withdraw his plea of guilty to one count of delivery and one count of possession with intent to deliver heroin.

In an affidavit in support of his motion to withdraw, Sandoval stated he is a citizen of Mexico, he received his only education in Mexico, and he was never formally taught any English. However, he also acknowledged he has been in the United States for a period of 10 years. Sandoval stated he had never been arrested previously and this incident was his first contact with the criminal justice system. He stated although he speaks English, it is limited to everyday matters and he cannot read English. He also alleges most of his time in the United States has been spent around other Spanish speaking individuals.

The record reflects the following with respect to the hearing on plea of guilty:

Sandoval was represented by his attorney at the plea hearing before the trial court. Although an interpreter was present in the courtroom, Sandoval did not request an interpreter translate the proceedings or any written statements into Spanish. The prosecutor questioned Sandoval regarding his understanding of the nature of the charges against him, the maximum sentence for each charge, and

the written statement of defendant on plea of guilty. Sandoval did not speak extensively, but responded with one word answers, such as "uh–huh", "right", "okay" and "yes". He did affirmatively state, "Yes, I'm guilty."

In addition to the prosecutor's questions, and responses thereto, the record contains the statement of defendant on plea of guilty.[1] Sandoval's brief written statement therein declares:

> I did not commit any crime. However I have reviewed the evidence against me and my attorney has advised me that if I go to trial I will probably lose the case and my wife will probably lose also. If I plead guilty the case against my wife will be dismissed. I will plead guilty in order that my wife go free.

In addition, defense counsel placed on the record the fact that because Sandoval left school in the sixth grade, he read Sandoval his rights and reviewed "each of the paragraphs that concerned him with regard to the plea of guilty." Counsel asserted, "I'm satisfied that he's aware of what we're doing this morning and why we're doing it, and this statement on plea of guilty is voluntarily made." Sandoval signed the CrR 4.2(g) statement in court at the plea hearing. The trial court questioned Sandoval on the written statement asking if he had any questions about it. When Sandoval answered in the negative, the judge asked for and accepted his plea.

At the subsequent motion to withdraw, while no findings of fact and conclusions of law were entered, the trial court did state the following on the record:

> The interpreter wasn't used because it was obvious to everybody that the defendant clearly understood the proceedings in the English language and had a full understanding of the English language. I had no doubt in my mind at the time of the

---

[1]Contents of Sandoval's plea statement follow CrR 4.2(g) and include the elements of the crimes charged, the maximum sentence for each charge, the standard range for the crimes under the Sentencing Reform Act of 1981, the defendant's constitutional rights, and a statement that by pleading guilty he gives up these rights. It also contains an acknowledgment that the plea is made freely and voluntarily, notice that conviction may be grounds for deportation, the defendant's statement regarding the crime, and a statement that he understands everything on the form.

hearing that the plea of guilty was knowingly made, with full knowledge of the defendant's constitutional rights.

■ CrR 4.2(f) provides in pertinent part as follows:

> The court shall allow a defendant to withdraw the defendant's plea of guilty whenever it appears that the withdrawal is necessary to correct a manifest injustice.

The defendant bears the burden of demonstrating manifest injustice. *State v. Osborne*, 102 Wn.2d 87, 97, 684 P.2d 683 (1984). Because CrR 4.2 provides extensive safeguards for defendants in entering pleas, the Supreme Court describes the standard on a motion to withdraw as "demanding". *State v. Taylor*, 83 Wn.2d 594, 597, 521 P.2d 699 (1974). Here, Sandoval contends that without an interpreter his plea was not knowing, intelligent, and voluntary, and therefore that his constitutional right to due process was violated.

Sandoval has not met his burden of establishing the involuntary nature of his plea. Not only did Sandoval sign a written statement on plea of guilty required by CrR 4.2, but the record discloses that Sandoval does understand English; that he and his attorney were able to communicate regarding the case; that his attorney read the plea statement to him; that his attorney believed that Sandoval understood each of the paragraphs of the written plea statement; and that he was aware of what he was doing and why it was being done. Further, the court questioned Sandoval on the written statement and asked if he had questions about it to which Sandoval responded in the negative.

Despite the evidence of the voluntary nature of his plea, on appeal, Sandoval argues that CrR 4.2(h) and RCW 2.42-.030 somehow superimpose on the requirements of CrR 4.2 an independent duty on the trial court to ascertain whether or not a defendant entering a plea is fluent in the English language.

CrR 4.2(h) provides:

> **Verification by Interpreter.** If a defendant is not fluent in the English language, a person the court has determined has fluency in the defendant's language shall certify that the written statement proved for in section (g) has been translated

orally or in writing and that the defendant has acknowledged that he or she understands the translation.

RCW 2.42.030 provides:

When an impaired person is a party to any legal proceeding or a witness therein the judge, magistrate, or other presiding official shall, in the absence of a written waiver by the impaired person, appoint a qualified interpreter to assist the impaired person throughout the proceedings.

Former RCW 2.42.020 defines "impaired person" as

any person involved in a legal proceeding who is deaf or who, because of other hearing or speech defects, or because of non–English–speaking cultural background cannot readily understand or communicate in spoken language or readily speak or understand the English language and who, when involved as a party to a legal proceeding, is unable by reason of such defects to obtain due process of law[.]

■■ We believe that the requirements of CrR 4.2(h) are parallel to those of RCW 2.42 *et seq.* Neither imposes any duty on the court unless a party is not "fluent." *The American Heritage Dictionary* 516 (2d ed. 1982) defines "fluent" as "[h]aving facility in the use of language". Using this definition, the rule requires the same analysis as the statute; one looks to see if the person can "readily speak or understand the English language". In short, both require a facility in the English language so that a party involved in a legal proceeding or making a plea is guaranteed due process of law. Although RCW 2.42.020 explicitly raises due process considerations, CrR 4.2(h) does so implicitly, since the requirement that a plea of guilty be knowing, intelligent and voluntary is designed, in part, to guarantee a person his right to due process of law. Essentially, the tests are the same. If a court determines that a person is not fluent in English or "cannot readily speak or understand the English language" then it must appoint an interpreter.

We see nothing, however, in either the rule or the statute that imposes on the trial court the affirmative obligation to appoint an interpreter for a defendant where that defendant's lack of fluency or facility in the language is not

apparent.[2] The appointment of an interpreter is within the discretion of the trial court and will not be disturbed on appeal absent a showing of abuse. *State v. Trevino,* 10 Wn. App. 89, 516 P.2d 779 (1973), *review denied,* 83 Wn.2d 1009 (1974). In this case it must be kept in mind that neither Sandoval nor his attorney requested an interpreter despite the fact that one was present in the courtroom at the time of the plea. Under these circumstances we find the statements by the court in *State v. Rusos,* 127 Wash. 65, 66, 219 P. 843 (1923) apposite:

> Appellant and his counsel knew, if anyone did, of his lack of fluency in the English tongue, how comprehensible and intelligible his language was, and what, if any, difficulties a stranger might have in grasping his meaning. Hence it was their duty to call the attention of the court to the necessity for an interpreter, if there was such necessity.

We are not holding that an individual, who is in fact impaired because he is not fluent in the English language so that he cannot voluntarily enter a plea, will necessarily be held to have waived his right to an interpreter even in the absence of a timely request. However, here, we believe the overwhelming evidence indicates Sandoval understood the proceedings and was aware of the consequences of his plea of guilty. For this court to reverse the decision would require Sandoval to sufficiently contradict this evidence. Additional evidence may have supported his contention that he was not fluent in English, such as testimony or affidavits from others who are familiar with Sandoval's ability to speak and understand English or familiar with his non-English speaking cultural background. Sandoval presented no such evidence, even though he bears the burden of proof to show a manifest injustice. *State v. Osborne, supra* at 97.

---

[2]This court reached a similar result in *State v. Woo Won Choi,* 55 Wn. App. 895, 902, 781 P.2d 505 (1989):

"Thus, the requirement that the court advise the defendant directly about the waiver of a right to an interpreter does not come into play until the court has determined that an interpreter is necessary. If the defendant's language skills are adequate enough to understand the trial proceedings and to present his defense, he has no right to an interpreter and there is no issue relating to waiver."

After the fact, uncorroborated statements by Sandoval regarding his lack of understanding in the context of this record are simply not sufficient to meet the demanding burden imposed for withdrawal of pleas of guilty.

The trial court's denial of the motion to withdraw the plea of guilty is affirmed.

SCHOLFIELD and FORREST, JJ. concur.

Review denied at 114 Wn.2d 1017 (1990).