IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 72011-2-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| AMOS K. GYAU, | ) | |
| | ) | |
| Appellant. | ) | FILED: July 20, 2015 |

SCHINDLER, J. — In this linked case, Amos K. Gyau claims the court abused its discretion in denying his motion for a new trial on the grounds that he did not need an interpreter. We affirm.

FACTS

The facts are set forth in detail in the linked case, State v. Gyau, No. 71013-3-I (Wash. Ct. App.). The State charged Amos Gyau with rape in the second degree. Gyau waived his right to a jury trial. The court found Gyau guilty of rape in the second degree.

At the October 9, 2013 sentencing hearing, Gyau's attorney requested a continuance so he could file a motion for a new trial. The attorney also asked the court to appoint another attorney because Gyau wanted to raise ineffective assistance of counsel claims in his motion for a new trial. The prosecutor argued that the motion was

not timely and asked to "go forward with sentencing." The court stated that it would proceed with sentencing and "then hear the motion for the new trial at a later date once we've appointed an attorney to at least argue that." On November 15, the court signed an order appointing new defense counsel "for purposes of the motion for a new trial."

On April 18, 2014, Gyau's attorney filed a motion for a new trial. Gyau argued he was entitled to a new trial under CrR 7.5 because (1) he did not knowingly waive his right to a jury trial, (2) the court did not appoint an interpreter, and (3) trial counsel was ineffective for failing to call several key witnesses. In support of the motion, Gyau's new attorney submitted a declaration. The attorney states Gyau "was born and resided in Ghana until December of 2008" and his "first language and the language spoken in his home is Twi." The attorney states that when she met with Gyau to discuss his case, "there were some significant language and cultural barriers that effected [sic] communication between counsel and Mr. Gyau." The attorney states Gyau "speaks English very well conversationally" but speculates Gyau "likely struggled to understand the legal proceedings."

The State submitted a declaration from the prosecutor stating Gyau had appeared in juvenile court on two prior juvenile charges and he did not have an interpreter at any of the proceedings on those charges. The prosecutor also states that on "several occasions[,] judges have engaged in colloquies with the defendant," and Gyau never "express[ed] that he was having difficulty understanding the proceedings or that he needed an interpreter." The prosecutor notes that neither of the two attorneys who represented Gyau on the charge of rape in the second degree requested an

interpreter or "expressed any concern regarding the defendant's ability to understand the English language or to understand the proceedings against him."

At the hearing on the motion for a new trial, the State also presented testimony from Gyau's juvenile court probation counselor Aiko Barkdoll.[1] Barkdoll testified that she started working with Gyau in 2009 when he was 15 years old. Barkdoll testified she had never used an interpreter during her meetings with Gyau or his family and "there was no indications that there was any trouble with communication." Barkdoll testified she entered into a "diversion contract" with Gyau in 2011, and he did not have "any trouble understanding the terms of that contract" and successfully completed the diversion. Barkdoll testified Gyau did not have "any trouble asserting himself or asking questions when he didn't understand something." On cross-examination, Barkdoll agreed she did not "try to explain legal concepts" to Gyau.

The court denied the motion for a new trial and entered extensive written findings of fact and conclusions of law. The court ruled that the motion was not timely but also considered and denied the motion on the merits. The court ruled Gyau "did not need an interpreter during any of the proceedings in this case and thus was not denied the right to a fair trial." The court also found the testimony of the additional witness "would not have been useful," and ruled the jury trial waiver was knowing, voluntary, and intelligent. The findings of fact state, in pertinent part:

3. The defendant had involvement in the justice system in Snohomish County prior to this case being filed.
4. The defendant has been represented by Kristin Timm in two prior cases.
5. The defendant appeared in court during both those cases on multiple occasions.

---

[1] The court appointed a Twi interpreter for Gyau for purposes of the hearing on the motion for a new trial "without ruling that one was needed."

6. On February 27, 2011, the defendant entered into a stipulation to police reports, waived his right to a speedy trial and his right to confront witnesses at trial, among other things, all in English. The defendant was represented by Kristin Timm, no interpreter was requested or used and the defendant indicated he understood those rights.

7. On February 7, 2012, again represented by Kristin Timm on a different matter, the defendant entered a guilty plea in English. No request was made for an interpreter, no interpreter was used, and the defendant indicated he understood his rights.

8. Aiko Barkdoll was the defendant's probation counselor in juvenile court. Although she did not discuss legal terms with the defendant or give him legal advice, she has had numerous conversations with the defendant, has never had any issues communicating with him in English and would have obtained the services of an interpreter if she believed one would have been useful. She did not do so.

. . . .

10. There were many hearings in this case before trial including a contested decline hearing that took place in front of Judge Downes in juvenile court.

. . . .

12. At no time during the nearly two years that this case was pending trial did the defendant request an interpreter nor was there any indication that the defendant had any difficulty understanding the proceedings, the rights being waived, or the rights he was advised of.

13. Neither of the defendant's previous defense attorneys, Kristin Timm and Max Harrison, indicated that they had any problems communicating with the defendant in English. Both of those attorneys have had far more court involvement with the defendant than his current counsel, Jennifer Rancourt.

. . . .

20. The case proceeded to trial and during that trial the defendant testified on more than one occasion.

. . . .

22. The defendant did not need an interpreter at trial or during any of the proceedings in this case, including when waiving his right to a jury trial.

23. The defendant has never asked the court for an interpreter, no one (prior to current counsel, Jennifer Rancourt) has asked for one on his behalf, and there has been no indication that an interpreter would be necessary or even useful.

4

ANALYSIS

Gyau contends the court erred by denying his motion for a new trial. Gyau argues the court's failure to appoint an interpreter denied him a fair trial.[2] Gyau also argues the court erred in ruling that his motion for a new trial was untimely.[3]

CrR 7.5(a) provides that "[t]he court on motion of a defendant may grant a new trial . . . when it affirmatively appears that a substantial right of the defendant was materially affected." We review the decision to grant or deny a new trial for abuse of discretion. State v. McKenzie, 157 Wn.2d 44, 51, 134 P.3d 221 (2006). A trial court abuses its discretion when its decision is manifestly unreasonable or exercised on untenable grounds or for untenable reasons. State v. Lord, 161 Wn.2d 276, 283-84, 165 P.3d 1251 (2007).

The right of a criminal defendant to an interpreter is based upon the Sixth Amendment constitutional right to confront witnesses and the " 'right inherent in a fair trial to be present at one's own trial.' " State v. Gonzales-Morales, 138 Wn.2d 374, 379, 979 P.2d 826 (1999) (quoting State v. Woo Won Choi, 55 Wn. App. 895, 901, 781 P.2d 505 (1989)). The Washington statute governing the appointment of interpreters, RCW 2.43.030, requires, in pertinent part:

> Whenever an interpreter is appointed to assist a non-English-speaking person in a legal proceeding, the appointing authority shall, in the absence of a written waiver by the person, appoint a certified or a qualified interpreter to assist the person throughout the proceedings.

RCW 2.43.030(1).

---

[2] Gyau does not challenge the ruling that the testimony of the additional witness would not have been useful or the court's conclusion that his jury trial waiver was made knowingly, voluntarily, and intelligently.

[3] Because the court reached the merits of the motion for a new trial, we need not address Gyau's argument that the court erred in concluding the motion was untimely.

However, as Gyau points out, it is well established that the trial court has no affirmative obligation to appoint an interpreter unless "put on notice that there may be some significant language difficulty." United States v. Carrion, 488 F.2d 12, 14-15 (1st Cir. 1973); see also State v. Mendez, 56 Wn. App. 458, 462-63, 784 P.2d 168 (1989) (holding the trial court has no obligation to appoint an interpreter where a defendant's lack of fluency is not apparent). " 'To allow a defendant to remain silent throughout the trial and then . . . assert a claim of inadequate translation would be an open invitation to abuse.' " Gonzales v. United States, 33 F.3d 1047, 1051 (9th Cir. 1994)[4] (quoting Valladares v. United States, 871 F.2d 1564, 1566 (11th Cir. 1989)). The decision whether to appoint an interpreter is within the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. Gonzales-Morales, 138 Wn.2d at 381. Unchallenged findings of fact are verities on appeal. State v. O'Neill, 148 Wn.2d 564, 571, 62 P.3d 489 (2003).

Here, there is nothing in the record to show the trial court was "put on notice that there may be some significant language difficultly." Carrion, 488 F.2d at 14-15. The unchallenged findings establish Gyau moved to the United States in December 2008 and attended high school in this country. Gyau had prior involvement with the juvenile justice system and appeared at multiple proceedings in juvenile court where he "entered into a stipulation to police reports, waived his right to a speedy trial and his right to confront witnesses at trial, among other things, all in English." Gyau "indicated he understood his rights" and at no point did Gyau or his attorney request an interpreter in juvenile court. Gyau's juvenile court probation counselor had "numerous conversations"

---

[4] Alteration in original.

6

with him over a period of several years and "never had any issues communicating with him in English."

In 2011, Dr. Brent Oneal spent four hours interviewing Gyau for purposes of the decline hearing on the charge of rape in the second degree. Dr. Oneal's evaluation states Gyau has a "thick African accent" but that his speech "was of normal flow, normal productivity, expressive tone, and coherent understandability. His vocabulary was age appropriate" and his thought structure was "logical and linear." Over the nearly two years that the charge for rape in the second degree was pending trial, neither of the two attorneys representing Gyau "indicated that they had any problems communicating with the defendant in English." One of the police officers who interviewed Gyau testified he was "articulate" and "[t]here was never a time during our conversation where I felt he wasn't understanding my questions and I never felt that I couldn't understand him." Detective Jacqueline Arnett testified she asked Gyau if he was "comfortable speaking in English" and whether he wanted an interpreter, and Gyau responded, "[N]o, I'm very comfortable in English."

When Gyau's defense attorney informed the court that Gyau wished to waive his right to a jury trial, the court "engaged in a colloquy with the defendant, during which the defendant again indicated his understanding of his right to a trial by jury and chose to waive that right." Gyau testified multiple times during the 2013 trial on rape in the second degree and the trial transcript indicates he understood the questions asked and was able to communicate clearly and effectively.

Because the record establishes the court was not put on notice that there may be some significant language difficultly, the court did not abuse its discretion in denying Gyau's motion for a new trial.

We affirm.

WE CONCUR: